THE STATE, JOHN M. LITTLE AND OTHERS, PROSECUTORS, v. THE MAYOR AND COMMON COUNCIL OF NEWARK.

An assessment of the costs, &c., of regrading a street under the·act of March 21st, 1866, to revise and amend the charter of the city of Newark not sustained,—

1. Because it does not appear by the report and proceedings sent up that the assessment was made upon each owner in the proportion required by the act.

2. Because while it appeared that two of the three commissioners appointed to make the assessment possessed the requisite qualifications, this did not appear as to the third one.

---

On *certiorari* to remove assessments.

Argued at November Term, 1872, before Justices DEPUE, VAN SYCKEL and WOODHULL.

For the prosecutors, *T. N. McCarter*.

For the defendants, *W. H. Francis*.

The opinion of the court was delivered by

WOODHULL, J.   The writ brings up an assessment, &c., of the costs and expenses of regrading Mount Prospect

avenue, from Bloomfield avenue to the old Bloomfield road, bearing date February 2d, 1871.

The first section of the act of March 21st, 1866, to revise and amend the charter of the city of Newark (*Acts*, 1866, *p.* 571,) provides that whenever the common council of the city of Newark shall establish or change or alter a grade of any street, &c., they shall make compensation to owners of property for any actual damages caused by establishing or altering or changing such grade, the compensation, &c., to constitute a part of the whole amount of costs, damages and expenses to be assessed, and that all proceedings for making an estimate and assessment of said damages, and to provide for the payment of the costs, damages and expenses of establishing, altering or changing said grade, and for the assessment thereof, upon the owners of all the lands and real estate intended to be benefited thereby, shall be had and taken in the manner provided by law in cases of laying out and opening, &c., any street within said city.

By the act to revise and amend the charter of the city of Newark, approved March 11th, 1857, (*Acts*, 1857, *p.* 166, § 105,) in order to provide for the payment of the costs, damages and expenses of laying out, &c., any street within said city, the common council are required to ascertain the whole amount of such costs, &c., and to cause to be made a just and equitable assessment thereof upon the owners of all the lands and real estate intended to be benefited thereby, in proportion, as nearly as may be, to the advantage each shall be deemed to acquire.

The first objection taken to the validity of the assessment is, that it does not appear by the report of the commissioners to have been made by them upon all the land, &c., as required by the section just referred to.

It appears by reference to the report itself, that this objection is fully sustained.

Instead of showing upon its face that the commissioners had done what the act demands, viz.: that they had made a just and equitable assessment, &c., upon the owners of all

the lands and real estate intended to be benefited, in proportion as nearly as might be, to the advantage each was deemed to have acquired, the report amounts to nothing more than that the assessment is justly and equitably made by the commissioners, and according to the best of their skill and judgment.

It may perhaps be gathered from this report, that the assessment in question was made upon the owners of all the lands and real estate intended to be benefited, but it nowhere appears that the owners were assessed in the proportion required by the charter.

The commissioners are bound in such a case, to exercise their judgment in order to determine the advantage or benefit to each particular owner, and their report must show that the assessment has been made upon each owner, as nearly as might be, in proportion to the benefit received. *State* v. *Newark*, 1 *Dutcher* 399; *State* v. *Jersey City*, 2 *Ib.* 444; *State* v. *City of Hudson*, 3 *Ib.* 214; *State* v. *Jersey City*, 4 *Ib.* 500; *State* v. *City of Hudson*, 5 *Ib.* 105; *State* v. *Town of Bergen*, 1 *Vroom* 307; *State* v. *Gardner et al.*, 5 *Ib.* 327.

It has been suggested on the part of the city that although the objection just considered might have prevailed prior to the act of April 6th, 1871, relative to the writ of *certiorari*, it is otherwise since the passage of that act.

The part of the act referred to is the second section, which provides that it shall be the duty of the court in any *certiorari*, &c., to determine disputed questions of fact as well as law, and according to the justice of the case to reverse or affirm, in part or in the whole, any tax or assessment, &c., and to inquire into the facts by deposition, &c. (*Laws*, 1871, *pp*. 124, 125.)

Without undertaking now to decide, whether the radical defect in this report might have been supplied by evidence under the provisions of the act of 1871, it is sufficient to say that nothing of the kind has been done.

No testimony has been laid before us intended to show that the assessment was in fact made as the charter requires.

There is no disputed question of fact in the case as it is now before us. The assessment is therefore to be dealt with precisely as if the act of 1871 had not been passed.

It is further objected to this assessment, that it does not appear by the report that the commissioners by whom it was made, were all disinterested freeholders of said city, residing in different wards.

The charter requires the common council to appoint five disinterested freeholders of the city, residing in different wards, commissioners to make any such assessment as the one now before the court, (*Laws*, 1857, *p.* 167, § 106,) and it must appear on the face of the proceedings that the commissioners possessed the required qualifications. *The State, Durant, pros.*, v. *Jersey City*, 1 *Dutcher* 310.

This appears as to all the commissioners originally appointed. But one of these having resigned, Mr. Sayer was appointed in his place, and he having died, Mr. Lord was appointed to fill the vacancy caused by his death. Now while it does sufficiently appear by the resolution appointing Mr. Lord, that he was at that time a resident of the city, and of a different ward from any of the others, it does not appear, either from the report or from any part of the proceedings before us, that he was a disinterested freeholder. This is a fatal omission. *State* v. *Newark*, 1 *Dutcher* 399.

Assessment set aside, with costs.

CITED in *State, Harris, pros.*, v. *Jersey City*, 9 *Vr.* 55; *State, Ryerson, pros.*, v. *Passaic*, 9 *Vr.* 171.